In re the Petition for **DISCIPLINARY ACTION AGAINST James J. DWYER, III, an Attorney at Law of the State of Minnesota.**

No. C6–91–273.

Supreme Court of Minnesota.

Sept. 4, 1991.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent James J. Dwyer, III, has committed professional misconduct warranting public discipline. In the petition, the Director alleges five separate counts, each of which contain one or more violations of the rules of professional conduct. The allegations in the petition include the following: while representing a client from July 1988 through 1990, respondent misappropriated $2,000 of the client's funds, issued an NSF check to the client's creditor, misled the client about settlement payments, failed to answer discovery and failed to communicate with the client; in 1989 and 1990, respondent issued approximately 60 NSF checks from his personal and business accounts totalling more than $26,000; in 1990 and 1991, respondent issued at least 34 "account-closed" checks totalling approximately $2,400 on an account respondent knew to be closed; respondent failed to comply with the terms of an October 1990 court order regarding a *pro se* appeal respondent had filed; respondent neglected his criminal representation of another client, ultimately getting arrested himself at the client's omnibus hearing for driving under the influence; respondent failed to return the unearned portion of a client's retainer; and respondent failed to cooperate with the Director's Office in its investigation of three complaints against him.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer and unconditionally admitted all of the allegations of the petition. In mitigation, respondent states that he is and has been, since at least July 1988, chemically dependent and that this chemical dependency has seriously interfered with his personal and professional life. Respondent entered in-patient chemical dependency treatment in March of 1991 and has successfully completed the program. Respondent acknowledges in the stipulation that his recovery from alcoholism and its effects is at an early stage, and that he will not be able to represent clients for a significant period of time.

In consideration of respondent's admitted misconduct and respondent's chemical dependency, respondent and the Director have joined in recommending that appropri-

ate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is indefinite suspension, with no right to petition for reinstatement until May 1, 1993. Respondent further has agreed to the imposition and payment of costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility, as a condition of reinstatement.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, James J. Dwyer, III, hereby is indefinitely suspended pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the respondent may not petition for reinstatement pursuant to Rule 18, Rules on Lawyers Professional Responsibility, until May 1, 1993, and only may petition then if he provides proof of his total abstinence from alcohol and other mood-altering chemicals during the period of his suspension.

3. That, if and when respondent seeks reinstatement, respondent's reinstatement shall be conditioned upon clear and convincing evidence of the following:

a. That respondent has and will continue to maintain total abstinence from alcohol and other mood-altering chemicals, except for the use of prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

b. That respondent has attended during the entire period of suspension and will continue to attend weekly meetings of Alcoholics Anonymous or another approved support group recommended by respondent's chemical dependency counselor.

c. That respondent has no physical or psychological problem which would prevent him from practicing law competently, diligently and ethically.

d. That respondent has made restitution to his clients.

e. That respondent has a documented record of financial responsibility during his suspension.

f. That respondent has made substantial restitution for his NSF and "account-closed" checks in light of his financial ability to pay.

g. That respondent successfully has completed the professional responsibility portion of the Minnesota Bar exam and is current with continuing legal education requirements.

h. That respondent has complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility.